UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-56-DLB

KEVIN L. ADAMS                                                               PLAINTIFF

VS.                          **MEMORANDUM ORDER**

COOKIE CREWS, ET AL.                                         DEFENDANTS

*** *** *** ***

Kevin L. Adams is an inmate at the Eastern Kentucky Correctional Complex ("EKCC"), a state prison located in West Liberty, Kentucky. Proceeding without a lawyer, Adams filed a civil rights complaint with this Court. (Doc. # 1). That complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Adams alleges in his complaint that, in May of 2024, while he was incarcerated at the EKCC, he was strip searched, and, shortly thereafter, an "unknown Corrections Officer placed zip-tie cuffs on" him, which were "extremely tight" and caused him pain. (Doc. # 1 at 2). Adams further alleges that he asked another unnamed "Corrections Officer if he could loosen the cuffs because there was no feeling in my left hand and I was in a lot of pain," but the officer refused to do so. (*Id.*). Adams, however, does not list any unnamed or John Doe correctional officers as Defendants in his pleading. (*See id.* at 1-2). Instead, Adams proceeds to discuss the administrative grievance process he initiated after the incident in question, including his grievance submission to and response from EKCC Captain Chad Tackett, as well as his grievance-related correspondence with

1

EKCC Warden Donald McKenzie, Kentucky Department of Corrections Commissioner Cookie Crews, and EKCC Lieutenant Nicholas Clevenger.  (*See id.* at 3-4).  Adams lists only these four individuals as Defendants in his complaint, indicates that he is suing each Defendant in his/her individual capacity, and claims, among other things, that the Defendants lied "on official grievance documents" and violated his due process rights in the way they responded to his administrative filings.  (*See id.* at 3-5).  Adams seeks money damages.  (*Id.* at 9).

The Court has fully reviewed Adams's pleading and will dismiss his claims for failure to state a claim upon which relief may be granted against the four named Defendants.  *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).  As best as the Court can tell, Adams is merely objecting to the way in which the four named Defendants responded to his various administrative grievances.  (*See* Doc. # 1 at 3-5).  The United States Court of Appeals for the Sixth Circuit, however, has made it clear that liability in a civil rights action "may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004).  Moreover, to the extent that Adams alleges that the Defendants made false statements in their responses to his grievances, he does not provide a meaningful context to that allegation or otherwise explain how the Defendants' conduct vis-à-vis the administrative grievance process amounts to a violation of his due process rights.  And, finally, to the extent that Adams is trying to pursue claims against one or more of the named Defendants—such as the KDOC Commissioner and the EKCC Warden—based on their status as supervisors of the prison, the Sixth Circuit has said that liability "must be based on more than respondeat

superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Adams has failed to state a claim upon which relief may be granted against each of the Defendants he lists in his complaint.

While the Court is dismissing Adams's claims against the four named Defendants, this Order does not prevent him from filing a civil rights action related to the underlying issue he mentions—i.e., the alleged strip search and excessive use of force. Again, while Adams suggests that the alleged strip search and subsequent use of restraints was unlawful (*see* Doc. # 1 at 4-5), his current complaint does not list as Defendants those unnamed or John Doe correctional officers responsible for the alleged conduct (*see id.* at 1-2). This Court cannot simply add those unnamed individuals as Defendants in this action. Adams, however, could conceivably file a new civil rights complaint against those unnamed officers.

Accordingly, it is **ORDERED** as follows:

(1) Adams's current complaint (Doc. # 1) is **DISMISSED** for failure to state a claim upon which relief may be granted against the four named Defendants. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii);

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

3

This 9th day of June, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Adams 0-25-056 Memorandum.docx